UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Lorin D. Mulligan</u>

  v.          Civil No. 12-cv-392-JD

<u>Town of Henniker, N.H., et al.</u>

O R D E R

  Lorin D. Mulligan brought suit in state court, alleging state and federal claims against the Town of Henniker, the Cogswell Springs Waterworks, and Norman Bumford, superintendent of Cogswell Springs Waterworks. Her claims arose from the town's use and alteration of an access way across Mulligan's property to a water tank owned by the town. The defendants removed the case to this court based on Mulligan's claim brought pursuant to 42 U.S.C. § 1983.

  The defendants then moved to dismiss Mulligan's § 1983 claim as unripe and asked the court to decline supplemental jurisdiction as to the state law claims and dismiss them without prejudice. In response, Mulligan agrees that her § 1983 claim is unripe and that the court should decline supplemental jurisdiction over the state law claims. Mulligan objects to dismissal of her state claims, however, and asks the court to remand the remainder of the case to state court.

  The parties agree that Mulligan's § 1983 claim is unripe and should be dismissed without prejudice. Therefore, without

considering the merits of the claim, the court will dismiss it without prejudice.

Once the claims that conferred federal jurisdiction are dismissed, the court may decline to exercise jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). Declining jurisdiction is encouraged when the federal claims are dismissed at an early stage of the litigation. Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). Further, when the court declines to exercise supplemental jurisdiction over state claims in a removed case, the court may remand the case to state court instead of dismissing the claims without prejudice. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988).

It is appropriate to decline to exercise supplemental jurisdiction over Mulligan's state claims in this case and to remand the case to Merrimack County Superior Court.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 3) is granted in part and denied in part. The plaintiff's federal claim, Count IV, is dismissed without prejudice based on the parties' agreement that the claim be dismissed as unripe. The court declines to exercise supplemental jurisdiction over the plaintiff's remaining claims, based on state law.

The clerk of court shall enter judgment accordingly on the federal claim, Count IV, and remand the case to Merrimack County Superior Court.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

November 8, 2012

cc: Mark P. Hodgdon, Esq.
    Andrew R. Schulman, Esq.

The clerk of court shall enter judgment accordingly on the federal claim, Count IV, and remand the case to Merrimack County Superior Court.

SO ORDERED.

*[signature: Joseph A. DiClerico, Jr.]*
Joseph A. DiClerico, Jr.
United States District Judge

November 8, 2012

cc: Mark P. Hodgdon, Esq.
    Andrew R. Schulman, Esq.